J-S02009-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| MIGUEL RODRIGUEZ, | |
| Appellant | No. 3265 EDA 2014 |

Appeal from the Judgment of Sentence October 30, 2014
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0015925-2010

BEFORE:  SHOGAN, LAZARUS, and STABILE, JJ.

MEMORANDUM BY SHOGAN, J.:                **FILED FEBRUARY 25, 2016**

Appellant, Miguel Rodriguez, appeals from the judgment of sentence entered on October 30, 2014, following the revocation of his probation. We affirm.

The trial court set forth the relevant facts and procedural history of this matter as follows:

> Appellant entered a negotiated guilty plea on December 6, 2012, to possession with the intent to distribute controlled substances. *See docket* at CP-51-CR-0015295-2010. He was sentenced by this court to a term of eleven and one-half to twenty-three months' incarceration, followed by a maximum of three years' probation. *Id*.
>
> On March 20, 2014, this court found Appellant to be in violation of the terms of his probation. *Id*. Previously, on January 7, 2014, a detainer was issued because of two positive drug tests. *See* Gagnon I Hearing Summary, 01/07/2014. Appellant had tested positive for marijuana and PCP on 11/05/2013 and 12/19/2013. *Id*. Due to Appellant's violations

and continued use of illegal narcotics, this court re-sentenced Appellant to a new term of three years' probation with drug treatment. *See docket* at CP-51-CR-0015295-2010.

On October 30, 2014, another violation of probation hearing was held before this court. Notes of Testimony ("N.T."), 10/30/2014, at 1. Appellant's probation officer, Stewart McKendry, testified regarding Appellant's status at that time. *Id*. at 5. Despite being on probation, Appellant repeatedly tested positive for illegal narcotics while in a treatment program. *Id*. There were **seventy-two positive drug tests** administered while Appellant was under supervision. *Id*. at 6. Appellant was terminated from his outpatient drug treatment program just prior to the hearing, and referred to a residential program. *Id*. at 5-7. After testifying to Appellant's behavior while on probation, Mr. McKendry recommended incarceration with further drug treatment, and testified that he did not feel Appellant was ready for an out-of-custody drug treatment program. *Id*. at 6. Appellant was resentenced to two and one-half to six years' incarceration at that time. *Id*. at 9.

Trial Court Opinion, 5/28/15, at 2-3 (emphasis added).

On November 10, 2014,[1] Appellant filed a timely motion for reconsideration, which the trial court denied in an order filed on November 20, 2014. On December 1, 2014, Appellant filed a timely notice

---

[1] Appellant's motion was filed eleven days after sentencing. However, because the tenth day fell on a Sunday, the motion was timely filed on Monday, November 10, 2014. **See** Pa.R.Crim.P. 708(E) (stating that a motion to modify a sentence imposed after revocation of probation shall be filed within 10 days of the date of sentencing); and **see** 1 Pa.C.S. § 1908 (explaining that when any period of time is referred to in a statute, such period shall be so computed as to exclude the first and include the last day of such period; however, if the last day of any such period shall fall on Saturday or Sunday, or on any day made a legal holiday by the laws of this Commonwealth or of the United States, such day shall be omitted from the computation).

of appeal. Both Appellant and the trial court have complied with Pa.R.A.P. 1925.

On appeal, Appellant raises the following issue for this Court's consideration:

> Did not the lower court err by imposing a manifestly excessive and grossly disproportionate sentence of 2½ to 6 years of incarceration where appellant had only committed technical violations of his probation?

Appellant's Brief at 3.

Appellant's claim challenges the discretionary aspects of his sentence. An appellant seeking to appeal the discretionary aspects of a probation-revocation sentence has no absolute right to do so but rather, must petition this Court for permission. *Commonwealth v. Kalichak,* 943 A.2d 285, 289 (Pa. Super. 2008); 42 Pa.C.S. § 9781(b). However, before this Court may review the merits of a challenge to the discretionary aspects of a sentence, we must engage in a four-pronged analysis:

> [W]e conduct a four part analysis to determine: (1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. [708]; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

*Commonwealth v. Moury*, 992 A.2d 162, 170 (Pa. Super. 2010) (citing *Commonwealth v. Evans*, 901 A.2d 528, 533 (Pa. Super. 2006)). *See also* Pa.R.Crim.P. 708, cmt. (discussing proper preservation of issues

challenging discretionary aspects of a sentence imposed following a revocation hearing).

We note that Appellant has met the first three parts of the four-prong test: Appellant timely filed an appeal; Appellant preserved the issue in a post-sentence motion; and Appellant included a statement pursuant to Pa.R.A.P. 2119(f) in his brief. Thus, we next assess whether Appellant has raised a substantial question.

A determination as to whether a substantial question exists is made on a case-by-case basis. *Commonwealth v. Sierra*, 752 A.2d 910 (Pa. Super. 2000). This Court will grant the appeal "only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process." *Id.* at 912-913.

In his Rule 2119(f) statement, Appellant avers that the sentence is manifestly excessive and grossly disproportionate to the conduct at issue as his probation violations were technical violations and not new criminal offenses. Appellant's Brief at 7-8. We conclude that Appellant has raised a substantial question. *See Commonwealth v. Colon*, 102 A.3d 1033, 1043 (Pa. Super. 2014) (stating that the imposition of a sentence of total confinement after the revocation of probation for technical violations as

opposed to new criminal offenses, implicates the fundamental norms underlying the sentencing process) (citation omitted).

Our standard of review in cases involving challenges to the discretionary aspects of a sentence is well settled. We have explained that:

> [t]he imposition of sentence following the revocation of probation is vested within the sound discretion of the trial court, which, absent an abuse of that discretion, will not be disturbed on appeal. An abuse of discretion is more than an error in judgment—a sentencing court has not abused its discretion unless the record discloses that the judgment exercised was manifestly unreasonable, or the result of partiality, prejudice, bias or ill-will.

*Commonwealth v. Simmons*, 56 A.3d 1280, 1283-84 (Pa. Super. 2012).

> In determining whether a sentence is manifestly excessive, the appellate court must give great weight to the sentencing court's discretion, as he or she is in the best position to measure factors such as the nature of the crime, the defendant's character, and the defendant's display of remorse, defiance, or indifference.

*Commonwealth v. Mouzon*, 828 A.2d 1126, 1128 (Pa. Super. 2003).

> Upon revoking probation, a sentencing court may choose from any of the sentencing options that existed at the time of the original sentencing, including incarceration. 42 Pa.C.S.A. § 9771(b). "Upon revocation of probation ... the trial court is limited only by the maximum sentence that it could have imposed originally at the time of the probationary sentence." *Commonwealth v. Infante*, 63 A.3d 358, 365 (Pa. Super. 2013) (internal quotation marks and citations omitted). However, 42 Pa.C.S.A. § 9771(c) provides that once probation has been revoked, a sentence of total confinement may only be imposed if any of the following conditions exist:

> (1) the defendant has been convicted of another crime; or
>
> (2) the conduct of the defendant indicates that it is likely that he will commit another crime if he is not imprisoned; or
>
> (3) such a sentence is essential to vindicate the authority of the court.

42 Pa.C.S.A. § 9771(c).

***Colon***, 102 A.3d at 1043-1044. Finally, this Court must show a high degree of deference to the trial court's sentencing determinations, because the trial court is in the best position to determine the proper penalty for a particular offense based upon an evaluation of the individual circumstances before it. ***Commonwealth v. Walls***, 926 A.2d 957, 961 (Pa. 2007) (citation omitted).

Here, the trial court, in its Pa.R.A.P. 1925(a) opinion, stated as follows:

> In the instant case, Appellant was not convicted of a new crime prior to his revocation hearing. However, Appellant's probation officer, Stewart McKendry, testified that Appellant tested positive for drugs over seventy times while on probation, despite attending a drug treatment program. N.T., 10/30/2014, at 5. At a status listing two weeks prior to the hearing, Appellant was ordered to continue probation, with a new stipulation that he enter residential drug treatment. *Id*. However, Mr. McKendry testified that during this two-week period, Appellant refused residential treatment, and again tested positive for illegal narcotics. *Id*. Mr. McKendry also testified that Appellant again refused treatment when he was taken into custody prior to the hearing. *Id*. Despite Appellant's testimony at his October 30, 2014 hearing that he understood he had a drug problem and "told the court I need help," he has not made good-faith efforts to comply with treatment programs while on probation. *Id*. at 7.

* * *

In the instant case, not only does Appellant's continued use of illegal narcotics make it highly likely that he will commit another crime if not incarcerated, he has also fl[ou]ted the authority of this court with his continued disregard of the terms of his probation. After being found in violation of probation seven months prior to this latest hearing, he was given another opportunity to avoid incarceration with a new probationary period. It is clear to this court that the authority of the court is vindicated by this sentence, because Appellant has previously disregarded this court's authority on multiple occasions by continuing to ignore the conditions of his probation, which included abstaining from illegal drug use.

Moreover, this court explained its sentencing decision at the hearing as follows:

> THE COURT: There's been a lot of attempts to help you. Mr. McKendry is one of the real probation officers who goes out of his way to do things. There's been programs with FIR and other places.
>
> I am somebody who strongly, strongly believes in treatment. But what I don't believe in is when somebody is offered and reoffered, and I understand there's ups and downs with drug treatment, but in your case I think [prison is] the only place you can go which will prevent your drug use and protect the community and help with drug treatment.

N.T. 10/30/2014, at 9.

This court gave Appellant multiple opportunities to succeed on probation. However, Appellant disregarded the conditions imposed upon him and continued to use illegal narcotics throughout his probation. Appellant had also previously violated probation and been resentenced several months prior to his October 30, 2014 hearing. At that time, he was given another opportunity to comply with probation, which he failed to do. For these reasons, this court found it necessary to revoke Appellant's probation and resentence him to a term of two-and-one-half to six years' incarceration. Therefore, Appellant's [] claim is without merit.

Trial Court Opinion, 5/28/15, at 3-5.

We agree with the trial court. Appellant committed more than seventy violations of his probation and refused to put forth a good faith effort and work toward sobriety. The sentence imposed following the revocation of probation was necessary to vindicate the authority of the court as it was axiomatic that Appellant was going to continue his pattern of illegal drug use. Appellant repeatedly defied the trial court's sentences and prior attempts to provide rehabilitation without total confinement. Appellant's violations of probation, while technical, were voluminous. Nothing about the sentence imposed strikes this Court as excessive or as an abuse of discretion; indeed, what is excessive is the number of failed drug screenings. Accordingly, we affirm Appellant's judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 2/25/2016